A. G. WOOLRIDGE v. E. W. CABANISS.

Partnership Contract—Fees for Services Claimed by One Partner.

> By the terms of a copartnership, one was to advance the funds neces-
> sary to conduct the business and the other to perform the services,
> profits, if any, to be equally divided. Afterwards, an express agreement
> was entered into to borrow money to make a larger investment: Held
> that this latter agreement would not change the original contract, unless
> there was a special agreement made and entered into, to allow fees for.
> services rendered the firm, the presumption being that partners look to
> the profits for their compensation.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

January 23, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

By the terms of the contract of copartnership, appellee was to
advance $3,000 of capital to be invested in tobacco, to be purchased
and put up by appellant, and the profits were to be divided equally,
if any were realized, nothing to be charged for the use of the capital
advanced by the one, nor for the services rendered by the other.
These terms were not changed by any express agreement after the
parties had determined to borrow the money, and make a much
larger investment in the venture, and unless there is a special
agreement that one partner shall be paid for services rendered the
firm, he will not be allowed for such services, as the presumption
is that the partners look to the profits for their compensation.

*Lashbrook* v. *Lee,* 8 *Dana,* 214-15.

Upon these principles the accounts between the parties were
settled, in which no error is perceived.

Wherefore, the judgment is *affirmed.*

*Phelps, for appellant.*

*Feland & Evans, for appellees.*